In the Matter of the Claim of ZEZILIA KATZ, Appellant. COMMISSIONER OF LABOR, Respondent. [865 NYS2d 696]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 28, 2008, which, upon reconsideration, adhered to its prior decision ruling, among other things, that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant worked as a teacher's aide at the employer's day care center for almost four years. On November 2, 2006, she was in the hallway with a child while classes were in session and had an argument with a coworker concerning her presence there. The argument escalated in the presence of the child and others and, when the coworker directed her to take the child back to the classroom, claimant allegedly shoved the child forward in a forceful manner. Claimant's employment was terminated shortly thereafter. The Unemployment Insurance Appeal Board subsequently ruled, among other things, that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated for misconduct. The Board adhered to this decision upon reconsideration, resulting in this appeal.

We affirm. An employee's unprofessional conduct that is detrimental to an employer's interest has been held to constitute disqualifying misconduct (*see Matter of Moore [Commissioner of Labor]*, 49 AD3d 1124, 1124 [2008]; *Matter of Childs [Kaleida Health—Commissioner of Labor]*, 42 AD3d 620, 621 [2007]). In the case at hand, claimant's actions were not only unprofessional, but had potentially adverse consequences for the employer inasmuch as it was legally required to report the incident to its funding agency. Although claimant denied engaging in such behavior, this presented a credibility issue for the Board to resolve (*see Matter of Williams [Commissioner of La-*

*bor],* 32 AD3d 1089, 1090 [2006]). Accordingly, we find no reason to disturb the Board's decision.

Mercure, J.P., Spain, Rose, Malone Jr. and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.